# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2010

No. 09-10712
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR JAIME MENDEZ-PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-CR-72-2

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hector Jaime Mendez-Perez appeals the sentence imposed following his guilty plea conviction for transporting illegal aliens and aiding and abetting in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 18 U.S.C. § 2. He contends that the district court clearly erred when it denied him a minor role reduction pursuant to U.S.S.G. § 3B1.2(b). Mendez-Perez argues that he was essentially just another customer of co-defendant Ernesto Hernandez-Perez and that his sole participation in the alien-trafficking offense was to temporarily drive the vehicle

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in which the aliens were secreted in hopes of lowering his own smuggling fee. According to Mendez-Perez, the district court clearly erred in finding that this isolated act made him a full participant in the scheme.

The district court must apply the Guidelines and calculate the advisory range correctly. *United States v. Williams*, 520 F.3d 414, 422 (5th Cir.), *cert. denied*, 129 S. Ct. 111 (2008). Whether the defendant is a minor participant is a factual determination that is reviewed for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.*

Mendez-Perez has not shown that the district court clearly erred in determining that he was not entitled to a minor role reduction pursuant to § 3B1.2(b). *See id.* Notwithstanding that his role in temporarily driving the vehicle may have been only part of a larger alien smuggling scheme, Mendez-Perez pleaded guilty to transporting illegal aliens for private financial gain. As a driver, his role was central to the transportation of the illegal aliens and clearly "coextensive with the conduct for which he was held accountable." *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001). Further, although Mendez-Perez may have been less culpable than Hernandez-Perez, his activities were not peripheral to the advancement of the illicit activity. *See Villanueva*, 408 F.3d at 203-04. Because Mendez-Perez was not substantially less culpable than the average participant, the district court did not clearly err when it denied him a two-level reduction pursuant to § 3B1.2(b). *See id.* Accordingly, the district court's judgment is AFFIRMED.